IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-123-BO
No. 7:18-CV-189-BO

| | |
|---|---|
| ANTOINE GAUSE,<br>    Petitioner, | )<br>)<br>)     <u>O R D E R</u> |
| v. | )<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 40, 43]. The government has moved to dismiss the petition. [DE 45]. The matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is GRANTED and petitioner's motion is dismissed.

## BACKGROUND

In March 2017, petitioner pleaded guilty, without a written plea agreement, to two counts of distributing heroin in violation of 21 U.S.C. § 841. [DE 21]. At petitioner's arraignment, before the Court accepted his guilty plea, the Court informed petitioner that he faced "up to 20 years in prison, up to a million-dollar fine, and no less than 3 years or up to life of supervised release." [DE 32, p. 4–5]. Petitioner, under oath, confirmed that he understood the charges and the punishment that he faced. [DE 32, p. 5]. In June 2017, the Court sentenced petitioner to a 120-month term of imprisonment, a lifetime of supervised release, and a $200 special assessment. [DE 26]. This was an upward departure from the advisory guideline range of ten to sixteen months' imprisonment. [DE 33, p. 11]. Petitioner appealed and, in March 2018, the Fourth Circuit affirmed in an unpublished per curiam opinion. [DE 35].

In October 2018, plaintiff filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 40]. Petitioner argues that (1) due to ineffective assistance of counsel, he did not knowingly, intelligently, and voluntarily plead guilty [DE 40-1, p. 6–9]; (2) his counsel was ineffective for failing to contest his lifetime term of supervised release [DE 40-1, p. 10–12]; (3) his counsel was ineffective for failing to share with petitioner "the video and audio tape that counsel stated was used to indict petitioner" [DE 40-1, p. 13]; and (4) his counsel was ineffective for failing to correct information contained in petitioner's presentence report [DE 40-1, p. 14]. The government has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that petitioner has not stated any claims on which relief can be granted. [DE 45].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner's claims are premised on ineffective assistance of counsel under the Sixth Amendment. Since *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"

2

*United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's claims can only succeed if he establishes both that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different.

First, petitioner alleges that counsel informed petitioner that through an agreement with the government, petitioner would receive a sentence of ten to sixteen months' imprisonment. Petitioner claims he did not receive "notice of the upward departure" to the 120-month term he actually received. [DE 40-1, p. 6]. He claims that, had he received such notice, he would not have pleaded guilty. But the Court specifically informed petitioner at the time his guilty plea was accepted that he could face up to twenty years in prison, and, while under oath, petitioner confirmed that he understood this possibility. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and citations omitted). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). Even though the Court upwardly varied in imposing petitioner's sentence, the sentence was within the range stated by the Court that petitioner confirmed he understood. There was no written plea agreement. Petitioner's

acknowledgement of a potential twenty-year sentence precludes him from demonstrating prejudice and, as such, petitioner's first claim cannot clear the *Strickland* bar.

Second, petitioner alleges that counsel was ineffective for failing to challenge his lifetime term of supervised release. But petitioner cannot establish that counsel's conduct at sentencing fell below an objective standard of reasonableness. Counsel reasonably focused his objections on the upward variance, instead of the supervised release. [DE 33, p. 14]. And even if counsel had objected to the supervised release term, petitioner cannot demonstrate that the sentencing outcome would have been different had such an objection been placed on the record. Thus, under *Strickland*, petitioner's second claim must be dismissed.

Petitioner's third and fourth claims must also be dismissed as petitioner cannot demonstrate that, but for counsel's errors, the result would have been different. Petitioner alleges that counsel was ineffective for failing to share with petitioner "the video and audio tape that counsel stated was used to indict petitioner." [DE 40-1, p. 13]. But even if counsel had shown him the video, petitioner cannot demonstrate that he would have pleaded not guilty and proceeded to trial. Finally, petitioner alleges that his counsel was ineffective for failing to correct information contained in petitioner's presentence report but, again, cannot show a reasonable likelihood that had counsel sought changes to the presentence report, petitioner would have received a different sentence.

In sum, petitioner has failed to state a claim upon which relief can be granted. As such, his Section 2255 petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and

that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 45] is GRANTED. Petitioner's motion to vacate under 28 U.S.C. § 2255 [DE 40, 43] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this _10_ day of December, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE